SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DARIO ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:12-CV-494 |
| | § | |
| COMPANION COMMERCIAL | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Dario Espinoza's ("Plaintiff") motion to remand.[1] After considering the motion, response, and relevant authorities, the Court **GRANTS** the motion.

**I.     Background**

Plaintiff claims that his home was damaged by a wind and hail storm on March 29, 2012.[2] Apparently dissatisfied with handling of his insurance claim, Plaintiff sued Companion Commercial Insurance Company ("Companion"), Wellington Claim Service, Inc. ("Wellington"), and William Mark Barker ("Barker").[3] In the state court petition, Plaintiff included the following theories of recovery: breach of contract; violations of the Texas Insurance Code and the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"); breach of duty of good faith and fair dealing; and fraud.[4]

---

[1] Dkt. No. 4.
[2] Dkt. No. 1-2 at p. 5.
[3] Dkt. No. 1-2 at p. 3.
[4] Dkt. No. 1-2 at pp. 10-16.

**II.     Analysis**

On November 30, 2012, Companion removed this case pursuant to 28 U.S.C. §§ 1441 & 1446,[5] and claimed that this Court had jurisdiction pursuant to 28 U.S.C. § 1332.[6] Specifically, Companion asserted that the amount in controversy exceeded $75,000 and that there was complete diversity because Wellington and Barker, the non-diverse defendants, were improperly joined.[7] Plaintiff moved for remand claiming that the non-diverse defendants are properly joined, and Companion responded.[8]

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy requirement is satisfied in this case. Thus, Companion must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[9] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[10]  "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[11]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

---

[5] Dkt. No. 1.
[6] Dkt. No. 1.
[7] Dkt. No. 1 at pp. 3-9.
[8] Dkt. No. 4; Dkt. No. 8.
[9] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[10] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[11] *Id*. (internal quotation marks and citation omitted).

determine whether the complaint states a claim under state law against the in-state defendant."[12] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[13] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[14] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[15]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[16]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[17] it *is not required* to do so. The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[18] A review of Plaintiff's motion to remand and its attachments and Companion's response and its attachments does not convince the Court that it should pierce the pleadings here. The Court will not pierce the pleadings in this case. This means the Court will not look beyond the state court petition.

---

[12] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[13] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[14] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[15] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[16] *Id*., Tex. R. Civ. P. 45 & 47.
[17] *Smallwood*, 385 F.3d at 573.
[18] *Id*. at 573-574.

Turning to the state court petition, it includes the following allegations by Plaintiff:

"COMPANION or its agent sold the Policy, insuring the Property, to Plaintiff."[19]

"COMPANION appointed WELLINGTON to adjust the claim."[20]

"WELLINGTON or its agent was charged with investigating the claim and communicating with Plaintiff about the Policy terms. WELLINGTON assigned BARKER as the claim adjuster, upon which BARKER inspected Plaintiff's property. During the inspection, WELLINGTON was tasked with the responsibility of conducting a thorough and reasonable inspection of Plaintiff's claim, including determining the cause of and then qualifying the damage done to Plaintiff's home. WELLINGTON prepared an estimate which vastly underscoped the actual covered damages to the home, thus demonstrating it did not conduct a thorough investigation of the claim.[21]

"WELLINGTON failed to fairly evaluate and adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim, preparing a vastly underscoped estimate which resulted in a wholly inaccurate claim payment, WELLINGTON engaged in unfair settlement practices by misrepresenting material facts to Plaintiff—that the covered damage to the home was much less than it is actually is."[22]

"COMPANION, WELLINGTON and BARKER misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. COMPANION, WELLINGTON and BARKERS's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1)."[23]

"COMPANION, WELLINGTON and BARKER knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff."[24]

"As a result of COMPANION, WELLINGTON and BARKER's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to this cause of action."[25]

"The above described acts, omissions, failures and conduct of COMPANION, WELLINGTON and BARKER have caused Plaintiff's damages which include,

---

[19] Dkt. No. 1-2 at p. 5.
[20] Dkt. No. 1-2 at p. 5.
[21] Dkt. No. 1-2 at pp. 5-6.
[22] Dkt. No. 1-2 at p. 6.
[23] Dkt. No. 1-2 at p. 7.
[24] Dkt. No. 1-2 at p. 9.
[25] Dkt. No. 1-2 at p. 10.

without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim."[26]

Upon initial examination, the petition appears to sufficiently allege that the non-diverse defendants violated § 541.060 of the Texas Insurance Code which states in part:

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . .[27]

The Court will now consider Companion's arguments that the petition does not state a claim against the non-diverse defendants.

In its response, Companion cites cases which applied the federal court pleading standard. At the risk of sounding like a broken record, this Court emphasizes its absolute confidence that the state court pleading standard applies to improper joinder analyses. Companion further argues:

"[Plaintiff] fails to make the required [f]actual fit between (his) allegations and the pleaded theory of recovery. Plaintiff's Original Petition (1) fails to identify any conduct by Wellington or Barker, as an agent of Companion, distinguishable from the conduct of Companion and (2) simply recites the statutory language of Chapter 541 of the Texas Insurance Code."[28]

The Court disagrees with this assessment. First, Chapter 541 of the Texas Insurance Code does not exempt adjusters from liability if they are working as agents of an insurer. Second, although the petition could contain more detail, it does state a claim against the non-diverse defendants.

Plaintiff alleges that Wellington "is an insurance company engaging in the business of adjusting insurance policies in Texas[]" and that Wellington "is a third-party claims adjustment company that engages in the business of adjusting insurance policies in the State of Texas[.]"[29]

---

[26] Dkt No. 1-2 at pp. 16-17.
[27] Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).
[28] Dkt. No. 8 at p. 6. (internal quotation marks and citations omitted).
[29] Dkt. No. 1-2 at p. 4.

Plaintiff alleges that Barker "is an individual and resident domiciled in the State of Texas, engaging in the business of adjusting insurance policies in Texas[]" and that Barker "engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas."[30] Plaintiff also explicitly alleges that Barker is person subject to the insurance code.[31] That is sufficient to allege that the non-diverse defendants are "person[s]" subject to the insurance code.[32] Additionally, Plaintiff alleges that "WELLINGTON prepared an estimate which vastly underscoped the actual covered damages to the home, thus demonstrating it did not conduct a thorough investigation of the claim[,]"[33] that "[b]y failing to properly investigate the claim, preparing a vastly underscoped estimate which resulted in a wholly inaccurate claim payment, WELLINGTON engaged in unfair settlement practices by misrepresenting material facts to Plaintiff—that the covered damage to the home was much less than it is actually is[,]"[34] and that "COMPANION, WELLINGTON and BARKER misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence."[35] These are sufficient allegations that the non-diverse defendants violated a portion of § 541.060 of the Texas Insurance Code. The petition also alleges that the non-diverse defendants caused Plaintiff to suffer damages.

Thus, the Court finds that the petition states a cause of action against the non-diverse defendants and gives them fair notice of the relief sought. That is sufficient to state a claim against the non-diverse defendants under the state court pleading standards.

---

[30] Dkt. No. 1-2 at pp. 4-5.
[31] Dkt. No. 1-2 at p. 14.
[32] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2011); *cf.* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).
[33] Dkt. No. 1-2 at p. 6.
[34] Dkt. No. 1-2 at p. 6.
[35] Dkt. No. 1-2 at p. 7.

Companion argues that Plaintiff's counsel has engaged in a pattern of avoiding federal Court by suing non-diverse defendants in other cases.[36] The Court is not persuaded by this argument. Companion does not even argue that the non-diverse defendants were found to be improperly joined by courts applying the appropriate pleading standards in those other cases. The Court is only concerned with whether Plaintiff has stated a claim against the non-diverse defendants in this case (which he has). Ultimately, the Court finds that Companion has not met its burden of demonstrating that the non-diverse defendants are improperly joined.

### III. Conclusion

After considering the motion, response, record and relevant authorities, the Court finds that Companion has not met its burden of demonstrating that the non-diverse defendants are improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiff's motion to remand. Therefore, this case is **REMANDED** to County Court at Law Number Six, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 22nd day of January, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[36] Dkt. No. 8 at pp. 10-11.